JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DAVID SABINO QUAIR, III, | Case No. 5:19-02130 PSG (ADS) |
|---|---|
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| CDCR-Director of Corrections, et al. Respondent. | |

I. **INTRODUCTION**

On or about November 6, 2019, Petitioner David Sabino Quair, III, a California state prisoner, filed a Petition for Writ of Habeas Corpus. [Dkt. No. 1]. A review of the pleading and records in this case reveals that Petitioner fails to allege a cognizable claim for federal habeas relief.[1] For the reasons discussed below, the Court DISMISSES the case without prejudice.

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose

## II. RELEVANT PRIOR HISTORY

On or about November 6, 2019, Petitioner filed a Petition for Writ of Habeas Corpus. [Dkt. No. 1]. Although far from the model of clarity, the Petition raises several claims challenging various aspects of Petitioner's conditions of confinement. [Id.]. The Petition sets forth five grounds for relief, as follows:

1. "Retaliation/implied causes for action against plaintiff for legal suits;"
2. "Cruel and unusual punishment by corporal and capital deprivation;"
3. "Failure to protect from harm of retaliation of employees and inmates;"
4. "Entrapment of false rules violations reports to impose unnecessary time credit loss;" and
5. "Obstruction of outgoing and incoming legal mail actions by censorship." [Dkt. No. 1, pp. 5-6].

Petitioner further alleges, "Tasha Alfaro, Esq., Lee Clark, Esq., and Prison Law Office falsely impersonate plaintiff in absentia." [Id., p. 7].

In addition to the instant action, Petitioner has filed five other federal habeas petitions and twenty-one federal civil rights actions in this Court. See Case Nos. 19-0058 PSG (ADS); 19-0650 PSG (ADS); 19-0878 PSG (ADS); 19-1188 PSG (ADS); 19-1650 PSG (ADS); 18-2595 PSG (ADS); 19-0022 PSG (ADS); 19-0085 PSG (ADS); 19-0087 PSG (ADS); 19-0093 PSG (ADS); 19-0454 PSG (ADS); 19-0587 PSG (ADS); 19-0607 PSG (ADS); 19-0699 PSG (ADS); 19-0750 PSG (ADS); 19-0768 PSG (ADS); 19-

---

accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

0769 PSG (ADS); 19-0774 PSG (ADS); 19-0776 PSG (ADS); 19-0782 PSG (ADS); 19-0783 PSG (ADS); 19-0786 PSG (ADS); 19-0791 PSG (ADS); 19-1149 PSG (ADS); 19-01397 PSG (ADS); 19-01651 PSG (ADS). Furthermore, a search on PACER reveals that Petitioner has multiple federal actions pending in other Districts Courts in California. See PACER, www.pacer.gov.

## III. DISCUSSION

### A. Failure to State a Cognizable Claim

The Court has the authority to dismiss habeas actions <u>sua sponte.</u> Under Rule 4 of the Rules Governing § 2254 Cases, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, "the court must summarily dismiss the petition without ordering a responsive pleading." <u>Mayle v. Felix,</u> 545 U.S. 644, 656 (2005); <u>see also Pagtalunan v. Galaza,</u> 291 F.3d 639, 641, n.1 (9th Cir. 2002) (quoting Rule 4). Summary dismissal of a habeas petition is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. <u>Hendricks v. Vasquez,</u> 908 F.2d 490, 491 (9th Cir. 1990) (quoting <u>Blackledge v. Allison,</u> 431 U.S. 63, 75-76 (1977)). Under Title 28 U.S.C. Section 2254, a federal court shall entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of confinement while a civil rights action is the proper method to challenge conditions of confinement. <u>Badea v. Cox,</u> 931 F.2d 573, 574 (9th Cir. 1991).

Here, the Court has screened the instant Petition and finds it clear on the face of the Petition that Petitioner is not entitled to federal habeas relief. Habeas corpus

proceedings are the proper mechanism for challenging the legality or duration of confinement while a civil rights action is the proper method to challenge conditions of confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Petitioner's five grounds for relief appear to solely challenge the conditions of his incarceration by asserting claims such as cruel and unusual punishment when placed in restraints, failure to protect from harm, and prison staffs' handling of his mail. [Dkt. No. 1]. Those challenges concern the conditions of his confinement and must be raised in a civil rights action under 42 U.S.C. § 1983. Because Petitioner does not appear to challenge the legality or duration of his confinement, the Petition fails to state a cognizable claim for federal habeas relief. Furthermore, Petitioner's grounds for relief challenge conditions of his incarceration by asserting vague and conclusory statements. See [Dkt. No. 1, pp. 5-6] (asserting claims such as "Retaliation/implied causes for action against plaintiff for legal suits" and "Cruel and unusual punishment by corporal and capital deprivation").

To the extent Petitioner is challenging the conditions of his confinement, the Court has considered whether to construe Petitioner's allegations as a civil rights complaint. See Hanson v. May, 502 F.2d 728, 729 (9th Cir. 1974) ("Despite the labeling of his complaint, [the petitioner] was, therefore, entitled to have his action treated as a claim for relief under the Civil Rights Act."). However, Petitioner has already filed twenty-one civil rights complaints pursuant to 42 U.S.C. § 1983 in this Court. See Case Nos. 18-2595 PSG (ADS); 19-0022 PSG (ADS); 19-0085 PSG (ADS); 19-0087 PSG (ADS); 19-0093 PSG (ADS); 19-0454 PSG (ADS); 19-0587 PSG (ADS); 19-0607 PSG (ADS); 19-0699 PSG (ADS); 19-0750 PSG (ADS); 19-0768 PSG (ADS); 19-0769 PSG (ADS); 19-0774 PSG (ADS); 19-0776 PSG (ADS); 19-0782 PSG (ADS); 19-0783 PSG (ADS); 19-0786 PSG (ADS); 19-0791 PSG (ADS); 19-1149 PSG (ADS); 19-01397 PSG

(ADS); 19-01651 PSG (ADS).  Those complaints allege similar claims regarding Petitioner's legal filings and medical treatment.  Therefore, it is unnecessary to construe the current federal habeas petition as a civil rights complaint.

**V.      CONCLUSION**

Petitioner has failed to state a claim cognizable under federal habeas relief and has filed multiple civil rights actions asserts these same claims.  IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Central District of California Local Rule 72-3.2.  Judgment shall be entered accordingly.

## VI. CERTIFICATE OF APPEALABILITY

In addition, for reasons stated above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether:" (1) "the petition states a valid claim of the denial of a constitutional right;" and (2) "the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, a certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated: 11/28/15

_____
HONORABLE PHILIP S. GUTIERREZ
United States District Judge

Presented by:

/s/ Autumn D. Spaeth
HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge